E-FILED
Tuesday, 28 September, 2021  04:14:59 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| KRYSTLE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| STRATAS FOODS, LLC, a Tennessee | ) | |
| limited liability company, | ) | JURY TRIAL DEMANDED |
| MICHAEL DOYLE a/k/a MIKE DOYLE, | ) | |
| individually and in his official capacity as an | ) | |
| employer, and BRIAN RICHARDSON, | ) | |
| individually and in his official capacity as an | ) | |
| employer | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

**NOW COMES** Plaintiff, KRYSTLE JACKSON, by Matthew C. Spain, of BOLEN

ROBINSON & ELLIS, LLP, her attorney, and complains against Defendants STRATAS FOODS,

LLC, an Illinois Limited Liability Company, MICHAEL DOYLE a/k/a MIKE DOYLE,

individually and in his official capacity as an employer, and BRIAN RICHARDSON,

individually and in his official capacity as an employer and in support thereof states and alleges

as follows:

## INTRODUCTION

1.      This action is brought seeking redress and damages for violations of the Family

Medical Leave Act ("FMLA") by Defendants including, but not limited to, discharging Plaintiff,

a dedicated employee for nearly five years, for requesting a qualified leave under FMLA.

Plaintiff was forced to request the leave due to a physical impairment that affected her ability to

work without accommodations during the height of the global COVID-19 pandemic.  Rather than provide her with reasonable accommodations by allowing her to work from home, or providing another accommodation, they forced her to apply for leave.  Then, Defendants discharged Plaintiff solely based on a self-created technicality.  Therefore, this action also seeks redress and damages for violations of the Americans with Disabilities Act ("ADA") due to Defendants discrimination and retaliation against Plaintiff.

## PARTIES

2.      Plaintiff, Krystle Jackson, is an adult female, residing in Macon County, Illinois and at all times relevant to this Complaint was employed by Defendant Stratas Foods, LLC in Decatur, Macon County, Illinois.

3.      Defendant Stratas Foods, LLC ("Stratas") is a Tennessee limited liability company, doing business and registered in Illinois.  At all relevant times, Defendant Stratas was an employer within the meaning of the FMLA, 29 U.S.C. section 2611(4).  At all relevant times, Defendant Stratas was an employer within the meaning of the ADA, 42 U.S.C. section 12111(5).

4.      Defendant, Michael Doyle, a/k/a Mike Doyle ("Doyle"), is an adult male, on information and belief residing at all relevant times in Macon County, Illinois.  At all relevant times, Defendant Doyle was an employer within the meaning of FMLA, 29 U.S.C. section 2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.  At all relevant times, Defendant Doyle was an employer under the ADA, 42 U.S.C. section 12111(5).

5.      Defendant, Brian Richardson ("Richardson"), is an adult male, on information and belief residing at all relevant times in Macon County, Illinois.  At all relevant times, Defendant Doyle was an employer within the meaning of FMLA, 29 U.S.C. section

2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.  At all relevant times, Defendant Doyle was an employer under the ADA, 42 U.S.C. section 12111(5).

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331.

7.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      Defendant Stratas hired Plaintiff on or around November 24, 2015 into the position of Inventory Clerk.

9.      Plaintiff was promoted to the position of Inventory Control Supervisor on or around November 22, 2019.

10.      On or about March 7, 2020, Plaintiff went on a previously scheduled trip to Florida and traveled by plane.  The time off had been approved.

11.      Plaintiff returned home via airplane on March 12, 2020.

12.      Plaintiff endured a medical procedure on March 13, 2020.

13.      On March 13, 2020, the President of the United States declared a national emergency concerning the coronavirus disease 2019 (COVID-19) pandemic.

14.      Plaintiff worked for Defendant at its place of business from March 16, 2020 through March 17, 2020 but was ill during that time and was sent home on March 18th.  Because of her illness and the fact that she had recently traveled by plan and may have been exposed to COVID-19, Plaintiff was placed on a 14-day quarantine.

15.     After the end of her quarantine, Plaintiff was not diagnosed with COVID-19, but continued to suffer from undiagnosed upper respiratory ailments.  Plaintiff was told to work from home, as were some other employees.

16.     On May 27, 2020, Defendant Doyle informed Plaintiff that she would need to return to work at the physical plan as of June 1, 2020.  [Exhibit A attached hereto and incorporated by reference].  Doyle also told Plaintiff that she would be required to wear a face covering while at work.

17.     Plaintiff was suffering from severe lung issues that were still undiagnosed at the time and informed Defendant Stratus that she had health issues requesting an accommodation to be allowed to continue to work from home.

18.     Plaintiff also presented a note from her lung specialist that requested she be granted an accommodation and allowed to continue to work from home on May 29, 2020.  [Exhibit B attached hereto and incorporated by reference].

19.     At least one other employee of Stratas was working from home at this time.

20.     On June 1, 2020, Plaintiff was told by human resources that her accommodation would not be granted and that she needed to apply for leave under FMLA through CIGNA, Defendant's leave administrator.

21.     Plaintiff contacted CIGNA the same day and applied for leave, as instructed by her employer after her requests for an accommodation was denied.

22.     On June 3, 2020, CIGNA sent a letter to Plaintiff letting her know that her leave request was being processed as a short-term disability claim and "preliminarily designated as federal and/or state Family Medical Leave (FML)".  [Exhibit C attached hereto and incorporated by reference].  The letter also indicated that a medical certification was being requested.

23.     The letter from CIGNA, with the medical certification attached, stated that "this should be completed and returned to Cigna within 15 calendar days of the date of this letter. Failure to return the form may result in the denial of your leave."  *Id.*  The letter did not state that her employment status would be affected if the certification was not returned.

24.     At all relevant times, there existed a federal regulation that gives an employee 15 days from the date of request to provide a medical certification "unless is it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts …"  29 C.F.R. § 825.305 (Lexis Advance through the September 17, 2021 issue of the Federal Register).

25.     Both the letter from CIGNA and the federal regulation gave Plaintiff a *minimum* of 15 days to provide the medical certification.

26.     On June 3, 2020, CIGNA also sent Plaintiff a letter stating that her request for leave to be classified as short-term disability was being evaluated and the additional information (presumably medical certification) was to be provided within 45 days or either a determination of her leave would be made at that time or an extension may be granted.  [Exhibit D attached hereto and incorporated by reference].

27.     On June 5, 2020, CIGNA sent Dr. Prabhu, Plaintiff's lung specialist, a letter asking for supporting documentation.  [Exhibit E attached hereto and incorporated by reference].

28.     From June 3, 2020 forward, Plaintiff had numerous phone calls with her case worker, "Cheryl", from CIGNA regarding the status of information requested.

29.     Plaintiff informed Cheryl she had undiagnosed upper respiratory issues[1] and orthostatic hypotension.  Cheryl requested a release of medical records be provided for Prairie Cardiovascular.

30.     Plaintiff completed the authorization, and it was faxed to CIGNA from Prairie Cardiovascular.  [Exhibit F attached hereto and incorporated by reference].

31.     On June 12, 2020, Plaintiff received communication from Defendant Stratus through its agent Defendant Brian Richardson, Human Resources Manager, that her medical certification had not been provided to CIGNA at that time and that she was "*required to return to work NO LATER than June 17, 2020.  If you fail to return, this will be considered voluntary termination of your employment.*"  [Exhibit G attached hereto and incorporated by reference].

32.     The June 12, 2020, letter completely contradicted both the letter from CIGNA and was in violation of the code of federal regulations.  Plaintiff was concerned and reached out to her employer through her superintendent, John Beiler, that day.  [Exhibit H attached hereto and incorporated by reference].

33.     Plaintiff also called her caseworker and was told they had everything they needed from her and were waiting on her doctor.  She also and emailed Defendant Richardson and emailed Defendant Doyle.  [Exhibit I attached hereto and incorporated by reference].

34.     Plaintiff also contacted her physician (a lung specialist who was treating patients during the course of the pandemic that directly affects patients' lungs) and asked him to please get her certification completed.  She also moved up her pending doctor appointment.

---

[1] It was later discovered that Plaintiff had a collapsed lung at the time.

35.    On June 16, 2020, Plaintiff's physician filled out a medical certification and it was faxed to CIGNA on June 17, 2020.  [Exhibit J attached hereto and incorporated by reference].

36.    On June 17, 2020, Plaintiff discovered her work email account was deactivated. She contacted her superintendent John Beiler who informed her that her employment was terminated because she had not updated her information or returned to work.  [Exhibit K attached hereto and incorporated by reference].

37.    On June 18, 2020, Defendant Brian Richardson drafted a letter terminating Plaintiff's employment for failure to return to work.  [Exhibit L attached hereto and incorporated by reference].

38.    Defendants Doyle and Richardson were involved in making decisions regarding termination of employees at the plant.

39.    On or about June 24, 2020, Plaintiff's leave was approved by CIGNA but Defendants Stratas, Doyle, and Richardson refused to accept this and return her to active status. [Exhibit M attached hereto and incorporated by reference].

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE - STRATUS

40.    Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count I.

41.    Plaintiff worked for Defendants continuously for more than 12 months preceding her request for leave.

42.    Plaintiff was authorized for and qualified for benefits under FMLA and had a serious health condition.

43.     Plaintiff worked for Defendants for more than 1250 hours in the 12 months preceding her request for leave.

44.     Defendant Stratas employed more than 50 employees for each working day for 20 or more weeks during the year preceding Plaintiff's request for leave.

45.     Plaintiff provided Defendants sufficient notice of her intent to take leave; Defendants actually directed her to apply for leave.

46.     Plaintiff was entitled to up to twelve weeks of leave under FMLA.

47.     Defendants Stratas, Doyle, and Richardson interfered with Plaintiff's rights under FMLA be denying her request for leave without allowing her appropriate time under the law for filing a medical certification.

48.     Plaintiff worked diligently with CIGNA and Defendants to provide all documentation needed, despite the difficult circumstances including the existence of a global pandemic.

49.     Not only did Defendants not allow the required 15 days for Plaintiff to provide a medical certification, but they additionally disregarded Plaintiff's good faith efforts to obtain certification and the added burden placed upon her lung specialist in completing the certification during the global pandemic.

50.     Defendants' actions were willful, wonton, intentional, malicious, and with reckless disregard for the effect on Plaintiff.

51.     As a result of Defendant Stratus's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, emotional

suffering, attorney's fees and other compensatory damages. In addition, Complainant seeks liquidated damages against Defendant Stratus.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Stratas providing the following relief:

A.  Damages for lost wages, salary, employment benefits, emotional suffering, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.


## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE – DOYLE

52.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count II.

53.     Defendant Doyle was, at all relevant times, the plant manager/supervisor at the Stratas Foods plant in Decatur, Illinois.

54.     Defendant Doyle, on information and belief, along with the Human Resources Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

55.     At all relevant times, Defendant Doyle was an employer within the meaning of FMLA, 29 U.S.C. section 2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.

56.     Defendant Doyle personally interfered with Plaintiff's exercise of her rights under FMLA as described in detail above when he failed to approve her leave as requested.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Doyle providing the following relief:

A.  Damages for lost wages, salary, employment benefits, emotional suffering, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.

## COUNT III – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE – RICHARDSON

57.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count III.

58.     Defendant Richardson was, at all relevant times, the plant Human Resources Manager at the Stratas Foods plant in Decatur, Illinois.

59.     Defendant Richardson, on information and belief, along with the Plant Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

60.     At all relevant times, Defendant Richardson was an employer within the meaning of FMLA, 29 U.S.C. section 2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.

61.     Defendant Richardson personally interfered with Plaintiff's exercise of her rights under FMLA as described in detail above when he failed to approve her leave as requested.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Richardson providing the following relief:

A.  Damages for lost wages, salary, employment benefits, emotional suffering, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.

## COUNT IV – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – RETALIATION - STRATAS

62.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count IV.

63.     Plaintiff worked for Defendants continuously for more than 12 months preceding her request for leave.

64.     Plaintiff was authorized for and qualified for benefits under FMLA and had a serious health condition.

65.     Plaintiff worked for Defendants for more than 1250 hours in the 12 months preceding her request for leave.

66.     Defendant Stratas employed more than 50 employees for each working day for 20 or more weeks during the year preceding Plaintiff's request for leave.

67.     Plaintiff provided Defendants sufficient notice of her intent to take leave; Defendants actually directed her to apply for leave.

68.     Plaintiff was entitled to up to twelve weeks of leave under FMLA.

69.     Plaintiff engaged in the protected activity of requesting leave under FMLA.

70.     Defendants retaliated against Plaintiff for attempting to exercise her rights under FMLA by denying her request for leave and terminating her employment.

71.     Defendants terminated Plaintiff's employment because of her attempt to take a protected leave under FMLA.

72.     Defendants' actions were willful, wonton, intentional, malicious, and with reckless disregard for the effect on Plaintiff.

73.     As a result of Defendant Stratus's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks liquidated damages against Defendant Stratus.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Stratas providing the following relief:

A.  Damages for lost wages, salary, employment benefits, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.

## COUNT V – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – RETALIATION – DOYLE

74.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count V.

75.     Defendant Doyle was, at all relevant times, the plant manager/supervisor at the Stratas Foods plant in Decatur, Illinois.

76.     Defendant Doyle, on information and belief, along with the Human Resources Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

77.     At all relevant times, Defendant Doyle was an employer within the meaning of FMLA, 29 U.S.C. section 2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.

78.     Defendant Doyle personally retaliated against Plaintiff for seeking leave under FMLA when he terminated her employment.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Doyle providing the following relief:

A.  Damages for lost wages, salary, employment benefits, emotional suffering, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.

## COUNT VI – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – RETALIATION – RICHARDSON

79.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count VI.

80.     Defendant Richardson was, at all relevant times, the plant Human Resources Manager at the Stratas Foods plant in Decatur, Illinois.

81.     Defendant Richardson, on information and belief, along with the Plant Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

82.     At all relevant times, Defendant Richardson was an employer within the meaning of FMLA, 29 U.S.C. section 2611(4)(A)(ii)(I) whereas he was acting directly in the interest of Defendant Stratas.

83.     Defendant Richardson personally retaliated against Plaintiff for seeking leave under FMLA when he terminated her employment.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Richardson providing the following relief:

A.  Damages for lost wages, salary, employment benefits, emotional suffering, or other compensation denied or lost by reason of Defendant's conduct;

B.  Interest under 29 U.S.C section 2617;

C.  Liquidated damages under 29 U.S.C section 2617;

D.  Reasonable attorneys' fees, expert witness fees, and other costs incurred by Plaintiff;

E.  Any other relief deemed by this Court to be in the interests of justice.

## COUNT VII – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMODATION - STRATAS

84.     Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count VII.

85.     Plaintiff had a disability and was a "qualified individual with a disability" and/or was perceived to have a disability within the meaning of Title I of the ADA.

86.     Defendant Stratus terminated Complainant in violation of the protections afforded to Complainant under the applicable provisions of the ADA in one or more of the following ways:

a.      Refused to offer Complainant reasonable accommodation(s) as requested by Complainant, including but not limited to, allowing Complainant to continue to work from home, as she had been doing since March of 2020, due to her inability to wear a face covering; granting Complainant additional approved leaves of absence or other reasonable accommodations to allow Complainant to perform the essential functions of her position with Defendant Stratus;

b.      Failed to meet its obligations under section 2(b)(5) of the ADAAA with respect to engaging in the reasonable accommodations "interactive process" with Complainant;

c.      Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition;

d.      Treated other similarly situated non-disabled/impaired employees differently by allowing them to work from home during the pandemic and subsequent to demanding Complainant return to the physical plant for work; and

e.      Otherwise violated applicable provisions of the ADA in terminating

Complainant's employment with Defendant Stratus and failing to make reasonable

accommodations as required by the law.

87.     Defendant Stratus's reasons for terminating Complainant were pretext for

discrimination based on Complainant's physical disability/impairment(s). Defendant Stratus

terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical

disability/impairment" in violation of the applicable provisions of the ADA.

88.     Prior and up to June 18, 2020, Complainant had been performing all of the

essential functions of her job; and Complainant was meeting Defendant Stratus's legitimate

business expectations at all times prior to the termination of Complainant's employment.

89.     At the time of Complainant's termination on June 18, 2020, Complainant was

capable of performing all of the essential functions of her job with reasonable accommodation by

Defendant Stratus.

90.     Notwithstanding the foregoing, Defendant Stratus terminated Complainant

because of Complainant's disability and in violation of the provisions of the ADAAA.

91.     Plaintiff filed a charge of Discrimination with the EEOC. [Exhibit H attached

hereto and incorporated by reference].

92.     Plaintiff received a Notice of Right to Sue from the EEOC on July 1, 2021.

[Exhibit H attached hereto and incorporated by reference].  This action is brought within 90 days

of receipt of that notice.

93.     As a result of Defendant Stratus's actions in terminating Complainant's position

with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are

not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees

and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Stratus.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Stratus providing the following relief:

A.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

B.  the interest on said damages calculated at the prevailing rate;

C.  punitive and exemplary damages;

D.  pre-judgment and post-judgment interest;

E.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and

F.  such other and further relief as the court deems just and appropriate.

## COUNT VIII – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMODATION - DOYLE

94.    Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count VIII.

95.    Defendant Doyle was, at all relevant times, the plant manager/supervisor at the Stratas Foods plant in Decatur, Illinois.

96.    Defendant Doyle, on information and belief, along with the Human Resources Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

97.    At all relevant times, Defendant Doyle was an employer under the ADA, 42 U.S.C. section 12111(5).

98.     Defendant Doyle terminated Complainant in violation of the protections afforded to Complainant under the applicable provisions of the ADA in one or more of the following ways:

f.      Refused to offer Complainant reasonable accommodation(s) as requested by Complainant, including but not limited to, allowing Complainant to continue to work from home, as she had been doing since March of 2020, due to her inability to wear a face covering; granting Complainant additional approved leaves of absence or other reasonable accommodations to allow Complainant to perform the essential functions of her position with Defendant Stratus;

g.      Failed to meet his obligations under section 2(b)(5) of the ADAAA with respect to engaging in the reasonable accommodations "interactive process" with Complainant;

h.      Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition;

i.      Treated other similarly situated non-disabled/impaired employees differently by allowing them to work from home during the pandemic and subsequent to demanding Complainant return to the physical plant for work; and

j.      Otherwise violated applicable provisions of the ADA in terminating Complainant's employment with Defendant Stratus and failing to make reasonable accommodations as required by the law.

99.     Defendant Doyle's reasons for terminating Complainant were pretext for discrimination based on Complainant's physical disability/impairment(s). Defendant Doyle

terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical disability/impairment" in violation of the applicable provisions of the ADA.

100.    Prior and up to June 18, 2020, Complainant had been performing all of the essential functions of her job; and Complainant was meeting Defendant's legitimate business expectations at all times prior to the termination of Complainant's employment.

101.    At the time of Complainant's termination on June 18, 2020, Complainant was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

102.    Notwithstanding the foregoing, Defendant Doyle terminated Complainant because of Complainant's disability and in violation of the provisions of the ADAAA.

103.    As a result of Defendant Doyle's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Doyle.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Doyle providing the following relief:

A.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

B.  the interest on said damages calculated at the prevailing rate;

C.  punitive and exemplary damages;

D.  pre-judgment and post-judgment interest;

E.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the
action; and

F.  such other and further relief as the court deems just and appropriate.

### COUNT IX – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMODATION - RICHARDSON

104.    Plaintiff re-alleges and incorporates all paragraphs and allegations of this
Complaint as fully set forth herein this Count IX.

105.    Defendant Richardson was, at all relevant times, the Human Resources Manager
at the Stratas Foods plant in Decatur, Illinois.

106.    Defendant Richardson, on information and belief, along with the Plant Manager,
was ultimately responsible for decisions regarding the hiring, firing, and discipline of the
employees at the Stratas Foods plant in Decatur, Illinois.

107.    At all relevant times, Defendant Richardson, was an employer under the ADA, 42
U.S.C. section 12111(5).

108.    Defendant Richardson terminated Complainant in violation of the protections
afforded to Complainant under the applicable provisions of the ADA in one or more of the
following ways:

k.    Refused to offer Complainant reasonable accommodation(s) as requested by
Complainant, including but not limited to, allowing Complainant to continue to work from home,
as she had been doing since March of 2020, due to her inability to wear a face covering; granting
Complainant additional approved leaves of absence or other reasonable accommodations to
allow Complainant to perform the essential functions of her position with Defendant Stratus;

l.      Failed to meet his obligations under section 2(b)(5) of the ADAAA with respect to engaging in the reasonable accommodations "interactive process" with Complainant;

m.      Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition;

n.      Treated other similarly situated non-disabled/impaired employees differently by allowing them to work from home during the pandemic and subsequent to demanding Complainant return to the physical plant for work; and

o.      Otherwise violated applicable provisions of the ADA in terminating Complainant's employment with Defendant Stratus and failing to make reasonable accommodations as required by the law.

109.    Defendant Richardson's reasons for terminating Complainant were pretext for discrimination based on Complainant's physical disability/impairment(s). Defendant Richardson terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical disability/impairment" in violation of the applicable provisions of the ADA.

110.    Prior and up to June 18, 2020, Complainant had been performing all of the essential functions of her job; and Complainant was meeting Defendant's legitimate business expectations at all times prior to the termination of Complainant's employment.

111.    At the time of Complainant's termination on June 18, 2020, Complainant was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

112.    Notwithstanding the foregoing, Defendant Richardson terminated Complainant because of Complainant's disability and in violation of the provisions of the ADAAA.

113.    As a result of Defendant Richardson's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Richardson.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Richardson providing the following relief:

A.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

B.  the interest on said damages calculated at the prevailing rate;

C.  punitive and exemplary damages;

D.  pre-judgment and post-judgment interest;

E.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and

F.  such other and further relief as the court deems just and appropriate.

## COUNT X – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION – STRATAS

114.    Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count X.

115.    Plaintiff had a disability and was a "qualified individual with a disability" and/or was perceived to have a disability within the meaning of Title I of the ADA.

116.    Defendant Stratus retaliated against Complainant for requesting an accommodation under the ADA in one or more of the following ways:

    a.    Refused to offer Complainant reasonable accommodation(s) as requested by Complainant, including but not limited to, allowing Complainant to continue to work from home, as she had been doing since March of 2020, due to her inability to wear a face covering; granting Complainant additional approved leaves of absence or other reasonable accommodations to allow Complainant to perform the essential functions of her position with Defendant Stratus;

    b.    Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition; and

    c.    Otherwise violated applicable provisions of the ADA in terminating Complainant's employment with Defendant Stratus and failing to make reasonable accommodations as required by the law.

117.    Defendant Stratus's reasons for terminating Complainant were pretext for discrimination based on Complainant's physical disability/impairment(s). Defendant Stratus terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical disability/impairment" in violation of the applicable provisions of the ADA.

118.    Prior and up to June 18, 2020, Complainant had been performing all of the essential functions of her job; and Complainant was meeting Defendant Stratus's legitimate business expectations at all times prior to the termination of Complainant's employment.

119.    At the time of Complainant's termination on June 18, 2020, Complainant was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant Stratus.

120.    Notwithstanding the foregoing, Defendant Stratus terminated Complainant because of Complainant's disability and in violation of the provisions of the ADAAA.

121.    Plaintiff filed a charge of Discrimination with the EEOC. [Exhibit H attached hereto and incorporated by reference].

122.    Plaintiff received a Notice of Right to Sue from the EEOC.  [Exhibit H attached hereto].

123.    As a result of Defendant Stratus's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Stratus.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Stratas providing the following relief:

A.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

B.  the interest on said damages calculated at the prevailing rate;

C.  punitive and exemplary damages;

D.  pre-judgment and post-judgment interest;

E.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and

F.  such other and further relief as the court deems just and appropriate.

## COUNT XI – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION – STRATAS

124.  Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count XI.

125.  Defendant Doyle was, at all relevant times, the plant manager/supervisor at the Stratas Foods plant in Decatur, Illinois.

126.  Defendant Doyle, on information and belief, along with the Human Resources Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

127.  At all relevant times, Defendant Doyle was an employer under the ADA, 42 U.S.C. section 12111(5).

128.  Plaintiff had a disability and was a "qualified individual with a disability" and/or was perceived to have a disability within the meaning of Title I of the ADA.

129.  Defendant Doyle retaliated against Complainant for requesting an accommodation under the ADA in one or more of the following ways:

    a.  Refused to offer Complainant reasonable accommodation(s) as requested by Complainant, including but not limited to, allowing Complainant to continue to work from home, as she had been doing since March of 2020, due to her inability to wear a face covering; granting Complainant additional approved leaves of absence or other reasonable accommodations to allow Complainant to perform the essential functions of her position with Defendant Stratus;

    b.  Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that

Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition; and

c.   Otherwise violated applicable provisions of the ADA in terminating Complainant's employment with Defendant Stratus and failing to make reasonable accommodations as required by the law.

130.   Defendant Doyle's reasons for terminating Complainant were pretext for discrimination based on Complainant's physical disability/impairment(s). Defendant Doyle terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical disability/impairment" in violation of the applicable provisions of the ADA.

131.   Prior and up to June 18, 2020, Complainant had been performing all of the essential functions of her job; and Complainant was meeting Defendant's legitimate business expectations at all times prior to the termination of Complainant's employment.

132.   At the time of Complainant's termination on June 18, 2020, Complainant was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

133.   Notwithstanding the foregoing, Defendant Doyle terminated Complainant because of Complainant's disability and in violation of the provisions of the ADAAA.

134.   As a result of Defendant Doyle's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Doyle.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Doyle providing the following relief:

A.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

B.  the interest on said damages calculated at the prevailing rate;

C.  punitive and exemplary damages;

D.  pre-judgment and post-judgment interest;

E.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and

F.  such other and further relief as the court deems just and appropriate.

## COUNT XII – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION – RICHARDSON

135.  Plaintiff re-alleges and incorporates all paragraphs and allegations of this Complaint as fully set forth herein this Count XII.

136.  Defendant Richardson was, at all relevant times, the Human Resources Manager at the Stratas Foods plant in Decatur, Illinois.

137.  Defendant Richardson, on information and belief, along with the Plant Manager, was ultimately responsible for decisions regarding the hiring, firing, and discipline of the employees at the Stratas Foods plant in Decatur, Illinois.

138.  At all relevant times, Defendant Richardson was an employer under the ADA, 42 U.S.C. section 12111(5).

139.  Plaintiff had a disability and was a "qualified individual with a disability" and/or was perceived to have a disability within the meaning of Title I of the ADA.

140.     Defendant Richardson retaliated against Complainant for requesting an accommodation under the ADA in one or more of the following ways:

    a.   Refused to offer Complainant reasonable accommodation(s) as requested by Complainant, including but not limited to, allowing Complainant to continue to work from home, as she had been doing since March of 2020, due to her inability to wear a face covering; granting Complainant additional approved leaves of absence or other reasonable accommodations to allow Complainant to perform the essential functions of her position with Defendant Stratus;

    b.   Terminated Complainant's position with Defendant Stratus as a consequence of Complainant's absence from work due to a health condition despite the fact that Defendant Stratus's attendance policy allowed for accommodation in the event of an absence related to a health condition; and

    c.   Otherwise violated applicable provisions of the ADA in terminating Complainant's employment with Defendant Stratus and failing to make reasonable accommodations as required by the law.

141.     Defendant Richardson's reasons for terminating Complainant were pretext for discrimination based on Complainant's physical disability/impairment(s). Defendant Doyle terminated Complainant due to her "physical disability/impairment(s)" or perceived "physical disability/impairment" in violation of the applicable provisions of the ADA.

142.     Prior and up to June 18, 2020, Complainant had been performing all of the essential functions of her job; and Complainant was meeting Defendant's legitimate business expectations at all times prior to the termination of Complainant's employment.

143.    At the time of Complainant's termination on June 18, 2020, Complainant was capable of performing all of the essential functions of her job with reasonable accommodation by Defendant.

144.    Notwithstanding the foregoing, Defendant Richardson terminated Complainant because of Complainant's disability and in violation of the provisions of the ADAAA.

145.    As a result of Defendant Richardson's actions in terminating Complainant's position with Defendant Stratus, Complainant has been damaged. Complainant's damages include but are not limited to, front pay, back pay, continued wage loss, employee benefit(s) loss, attorney's fees and other compensatory damages. In addition, Complainant seeks punitive damages against Defendant Richardson.

WHEREFORE, Plaintiff prays this court find for Plaintiff and enter judgment against Defendant Richardson providing the following relief:

G.  Past present, and future lost wages, salary, employment benefits, and/or other compensation denied or lost;

H.  the interest on said damages calculated at the prevailing rate;

I.  punitive and exemplary damages;

J.  pre-judgment and post-judgment interest;

K.  reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and

L.  such other and further relief as the court deems just and appropriate.


**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: September 28, 2021    Krystle Jackson, Plaintiff

           By    s/Matthew C. Spain   
              Matthew C. Spain - ARDC No. 6310217
              BOLEN ROBINSON & ELLIS, LLP
              202 South Franklin, 2nd Floor
              Decatur, Illinois 62523
              Telephone: 217.429.4296
              Fax: 217.329.0034
              E-mail: mspain@brelaw.com
               Attorney for Plaintiff